Seif Eddine SAYADI, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72032.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2006.

Filed March 31, 2006.

---

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Scott R. McIntosh, Esq., San Francisco, CA, Mark Davies, U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioner Seif Sayadi, a native and citizen of Tunisia, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Petitioner also alleges violation of his right to due process. We deny the petition.

Substantial evidence does not compel a conclusion contrary to the IJ's finding that Sayadi did not establish a well-founded fear of future persecution on account of being detained and questioned by the INS and FBI. An applicant seeking asylum bears the burden of proving that he has a well-founded fear of persecution if he returns to his country of citizenship. *Kaiser v. Ashcroft,* 390 F.3d 653 (9th Cir.2004). To establish a well-founded fear of future persecution, a "Petitioners' fear must be both subjectively genuine and objectively reasonable." *Id.* at 658. Though Sayadi testified credibly as to his subjective fear, the IJ concluded that the evidence did not establish that Tunisia would treat Sayadi as a political activist or Islamic extremist. Without showing a reasonable possibility that he would be labeled a political activist, or that Tunisian authorities were even aware of the detention and questioning, Sayadi failed to satisfy the objective element.

To qualify for withholding of removal, an alien must satisfy a higher standard than that required for asylum. *Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001). Since Sayadi did not meet the standard for asylum, he did not qualify for withholding. Nor did he demonstrate that he was entitled to relief under the CAT on the ground that he was "more likely than not to suffer intentionally-inflicted cruel and inhuman treatment." *Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005) (internal citations omitted).

The IJ did not violate due process by issuing a decision quickly or by refusing to accord the sworn written statement of Dr. Nabti the weight desired by Sayadi. The IJ provided Sayadi a full and fair hearing with a number of opportunities to present evidence on his behalf. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). The IJ allowed Sayadi to introduce the written

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

testimony of Dr. Nabti over objections by the government. The IJ was not bound by the expert's opinion, however. The IJ is free to disregard an expert's opinion as long as specific, legitimate reasons are given for doing so. *See Walker v. Mathews,* 546 F.2d 814, 820 (9th Cir.1976). The IJ analyzed the brief statement made by Dr. Nabti and was permitted to accord it a limited weight on account of the facts that the statements lacked foundation and appeared as mere conclusions. Further, since the IJ concluded that Sayadi had failed to establish that the Tunisian government would identify him, it is not clear that many of Dr. Nabti's opinions were relevant to Sayadi's case. These determinations were reasonable and cannot be overturned under the substantial evidence standard.

**PETITION DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.